IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACIE HARTMAN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 13-7494 |
| | : | |
| v. | : | |
| | : | |
| CADMUS-CENVEO COMPANY, | : | |
| | : | |
| Defendant. | : | |

Smith, J.                                                                                                     September 19, 2014

**<u>MEMORANDUM OPINION</u>**

    Presently before the court are two motions: The defendant, Cadmus-Cenveo Company, has filed a motion to dismiss the amended complaint filed by the plaintiff, Stacie Hartman. In addition to the motion to dismiss, the plaintiff has filed a motion to remand the case to state court. For the reasons set forth below, the court will grant the motion to remand and deny the motion to dismiss as moot.

    **I.**    **RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY**

    The plaintiff commenced this action by filing a praecipe for a writ of summons in the Court of Common Pleas of Lehigh County on July 20, 2011. *See* Not. of Removal, at Ex. A, Doc. No. 1-4. It does not appear that the plaintiff effected service of the writ of summons, so she filed a praecipe to reissue the writ on November 26, 2012. *Id.* It further appears that the plaintiff did not effect service of the reissued writ, and she filed another praecipe to reissue the writ of summons on December 21, 2012. *Id.* The plaintiff eventually served the second-reissued writ of summons upon the defendant on January 23, 2013. *Id.*

    On December 2, 2013, the plaintiff filed a complaint. *Id.* In the original complaint, the plaintiff asserted causes of action for (1) disability discrimination and unlawful retaliation in

violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, (2) violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, and (3) retaliation in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. §§ 951-963.  *Id.*

The defendant timely removed this action to this court on December 20, 2013.  *See* Doc. No. 1.  In the notice of removal, the defendant averred that the court has jurisdiction over this action under 28 U.S.C. § 1331 because the plaintiff included causes of action for violations of the ADA and FMLA in the complaint.  *See* Not. of Removal at ¶¶ 11, 12.  The defendant also asserted that this court had supplemental jurisdiction over the PHRA claim under 28 U.S.C. § 1367(a).  *Id.* at ¶ 13.

The defendant filed a motion to dismiss the complaint and a supporting memorandum of law on December 30, 2013.  *See* Doc. Nos. 7, 8.  In response to the motion to dismiss, the plaintiff filed an amended complaint on January 13, 2014.  *See* Doc. No. 10.

In the amended complaint, the plaintiff alleges that the defendant hired her as a platemaker apprentice on January 30, 2006. Am. Compl. at ¶ 3, Doc. No. 10.  In October 2009, the defendant discharged the plaintiff for allegedly abandoning her job.  *Id.* at ¶¶ 6, 11.  The defendant later rehired the plaintiff under a last chance agreement ("LCA"), which the parties finalized on November 12, 2009.  *Id.* at ¶¶ 6, 15.  The LCA provided that the plaintiff would remain under review for a 24-month period and had to comply with certain standards of conduct. *Id.* at ¶ 7.

On February 1, 2011, the plaintiff wrote a note on a plate stating: "Ghost Plates...Compliments of F. Quinn."  *Id.* at ¶ 8.  Because of this note, the plaintiff had a meeting with the defendant's human resources department on February 8, 2011.  *Id.* at ¶¶ 9, 18.  During

this meeting, the plaintiff's "employer" asked her if she wrote the note. *Id.*[1] Although the plaintiff admitted to writing the note, she indicated that she thought that she had discarded it. *Id.* at ¶ 9. The "employer" informed the plaintiff that the note was posted on the plate itself, and the employee referred to in the note had filed a complaint. *Id.* The plaintiff emphasized to her "employer" that the note was merely a joke between her and another co-worker, and she did not intend to provoke, harass, or annoy any other employee. *Id.* Despite the plaintiff meeting with the complaining employee and apologizing for the note, the defendant terminated the plaintiff's employment on either February 15, 2011 or February 17, 2011, because she violated the LCA. *Id.* at ¶¶ 10, 20.[2]

The plaintiff alleges that the defendant's employees continually harassed her from the date of her rehiring until her eventual termination. *Id.* at ¶ 16. The plaintiff avers that she suffers from ADHD, depression, and severe anxiety. *Id.* at ¶ 13. The defendant questioned the plaintiff about the legitimacy of these diagnoses and the validity of her needing to use disability leave. *Id.* at ¶¶ 17, 22. The plaintiff further asserts that the defendant punished her more severely than other employees that committed similar violations. *Id.* at ¶ 21. The plaintiff notes that she was the only woman in her union, and she alleges that she "was unjustly represented by her Union members." *Id.* at ¶ 37.

Based on the aforementioned allegations, the plaintiff includes three counts for alleged violations of the PHRA in the amended complaint. More specifically, the plaintiff asserts that the defendant (1) unlawfully retaliated against her for seeking accommodations because of her disabilities (count I), (2) discriminated against her because of her gender and sexual orientation (count II), and (3) discriminated against her because of her disability (count III). *Id.* at 5-12.

---

[1] The amended complaint does not adequately identify the individual who spoke to the plaintiff other than referring to this person as her "employer." *See* Am. Compl. at ¶ 8.
[2] The plaintiff references two termination dates in the amended complaint. *See* Am. Compl. at ¶¶ 10, 20.

The plaintiff did not include any federal-law claims that she previously asserted in the original complaint.

In response to the amended complaint, the defendant filed a motion to dismiss the amended complaint on January 27, 2014.  *See* Doc. No. 12.  The plaintiff then filed a motion to remand to state court on February 11, 2014.  *See* Doc. No. 13.[3]  The defendant filed a response to the motion to remand on February 24, 2014.  *See* Doc. No. 15.  Chief Judge Petrese B. Tucker reassigned this case from the Honorable C. Darnell Jones, II, to the undersigned on April 22, 2014.

The court held an initial pretrial conference with counsel on June 17, 2014.  *See* Doc. No. 19.  On September 5, 2014, the court denied as moot the motion to dismiss the original complaint.  *See* Doc. No. 20.

## II.   DISCUSSION

### A.   The Parties' Arguments For And Against Remand

As indicated above, the defendant moves to have the court dismiss the amended complaint, and the plaintiff moves to have the court remand the action to the state court. Because the motion to remand raises issues concerning the court's jurisdiction, the court will first address this motion.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998) (concluding that Article III of the United States Constitution requires a district court to first determine whether the court has jurisdiction to hear a case before addressing the case on the merits because "[f]or a court to pronounce upon [the merits] when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires").

---

[3] On that same date, the plaintiff filed a motion for an extension of time to file a response to the motion to dismiss, which the Honorable C. Darnell Jones, II, later granted on February 26, 2014.  *See* Doc. Nos. 14, 15.  Despite Judge Jones granting the motion for an extension of time, the plaintiff never filed a response to the motion to dismiss.

4

In support of the motion to remand, the plaintiff contends that the court should remand the action to the Court of Common Pleas of Lehigh County because the court lacks federal question jurisdiction after she filed an amended complaint in which she withdrew the previously-asserted federal causes of action.  Mem. of Law in Supp. of Pl.'s Mot. for Remand at 2-3, Doc. No. 13.  In opposing the motion, the defendant argues that the plaintiff has failed to set forth any basis justifying remand and ignores the applicable law that "'a subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction.'"  Def. Cadmus Invs., LLC's Resp. to Pl.'s Mot. for Remand at 3 (quoting *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979)), Doc. No. 15.  The defendant further contends that remanding the case would not serve the interests of judicial economy, convenience, fairness, and comity because (1) the plaintiff has attempted to manipulate the forum by withdrawing her federal claims and this manipulation is evidenced by, *inter alia*, the timing of the plaintiff's motion to remand, (2) the amended complaint and the original complaint contain virtually identical allegations, and (3) state issues do not predominate as the parties "are faced with the exact same issues they have faced since the case was properly removed." *Id.* at 7-8.

## B.     Analysis

Contrary to the plaintiff's contention in her motion to remand, the act of not including the previously-asserted federal-law claims in the amended complaint does not divest this court of subject-matter jurisdiction over this action.  Instead, "subject[-]matter jurisdiction is to be determined from the face of the complaint and on the basis of the record in the state court, *at the time the petition for removal is presented*." *Westmoreland Hosp. Ass'n*, 605 F.2d at 124 (emphasis added); *see Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d

Cir. 1987) (explaining that when "[r]uling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed").  At the time of removal, the court had subject-matter jurisdiction over the plaintiff's ADA and FMLA claims.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  In addition to the court having original jurisdiction over the ADA and FMLA claims, the court had supplemental jurisdiction over the PHRA claim because this claim was sufficiently related to the operative facts underlying the federal-law claims.  *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (concluding that federal district courts have the power, through supplemental jurisdiction, to also hear a state-law claim if the state-law and federal-law claims "derive from a common nucleus of operative facts").  Thus, the court had original and supplemental jurisdiction over the entirety of this action at the time the defendant removed the case to federal court.[4]

Because the court had subject-matter jurisdiction at the time the defendant removed the case to this court, the plaintiff's amendment to the complaint to withdraw any federal-law claims would also not divest this court of the subject-matter jurisdiction that existed at the time of removal.  In this regard, "[a] subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." *Westmoreland Hosp. Ass'n*, 605

---

[4] Although this is not an issue in this case, the defendant properly removed the case under 28 U.S.C. § 1441 because of the federal claims.

F.2d at 123 (citation omitted). Nonetheless, although the amended complaint does not divest this court of jurisdiction to adjudicate the state-law claims in this case, the court must still analyze the basis of jurisdiction over these claims.

In the first instance, neither party asserts any grounds showing that the court would have original jurisdiction over the plaintiff's PHRA claims and her claims do not appear to implicate an important issue of federal law. As such, the court has only supplemental, and not original, jurisdiction over the PHRA claims included in the amended complaint.

While the court is authorized to exercise supplemental jurisdiction over the plaintiff's state-law claims under the PHRA, the court retains discretion to remand a removed case if the federal-law claims are no longer in the case and only the supplemental state-law claims remain. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 347 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). When exercising this discretion,

> a federal court should consider and weigh in each case . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction[.]

*Id.* at 350 (citing *Gibbs*, 383 U.S. at 725); *see Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (indicating that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so"). When reviewing the aforementioned factors,

7

if the court finds that the plaintiff is attempting to manipulate the forum by withdrawing the federal claims, "the court should take this behavior into account in determining whether the balance of the factors to be considered . . . support a remand in the case." *Cohill*, 484 U.S. at 357.

After reviewing the applicable record and the defendant's arguments on this issue, the court finds that the factors of judicial economy, convenience, fairness, and comity do not weigh in favor of exercising supplemental jurisdiction in this case. In this regard, the court cannot conclude that the amended complaint was merely a manipulative tactic to secure a state forum. While arguing that the plaintiff is attempting to manipulate the forum, the defendant largely ignores the fact that the plaintiff filed the amended complaint in response to the defendant's motion to dismiss. In the motion to dismiss, the defendant asserted that the court should dismiss each count in the complaint because, *inter alia*, (1) the plaintiff's claims under the ADA are barred because she did not file a timely writ of summons within 90 days after receiving the right to sue letter from the Equal Employment Opportunity Commission, (2) the plaintiff failed to allege a causal link between her exercise of FMLA rights and the defendant's alleged retaliatory conduct, and (3) the plaintiff failed to state a claim for retaliation under the PHRA because the alleged retaliatory conduct occurred before she engaged in any protected activity. *See* Mem. of Law in Supp. of Def. Cadmus Invs., LLC's Mot. to Dismiss at 6-11. Although the court need not reach the merits of any of these issues, it appears equally plausible that the plaintiff withdrew the federal-law claims in response to the arguments in the motion to dismiss as it is that the plaintiff withdrew the federal-law claims simply to forum shop. Therefore, while the court is somewhat concerned about the timing of the motion to remand insofar as the plaintiff did not file the motion until 14 days after receiving notice of the motion to dismiss the amended complaint, there

8

is no express indication that the plaintiff filed the amended complaint to forum shop and this is not an instance where the plaintiff "drop[ped] her federal claims as a reaction to an unfavorable ruling by this Court." *See Hunter v. Temple Univ. Sch. of Med.*, No. 03-cv-1649, 2003 WL 22597677, at *2 (E.D. Pa. Oct. 29, 2003) (concluding that remand of action was appropriate where, *inter alia*, (1) the plaintiff dropped all federal claims in amended complaint at an early stage of the proceeding and not in response to an unfavorable ruling, (2) the court had not expended "considerable time and judicial resources" on the case, (3) the defendant (and not the plaintiff) brought the action into federal court by removing it from state court, and (4) remanding the case at the early stage of the proceeding best promoted the values of economy, convenience, fairness, and comity).

This matter is in its early stages, as the defendant removed the case to this court in December 2013, and to date, the pleadings are not closed. In situations such as this one where the federal claims are withdrawn early in a case, "the District Court ha[s] a powerful reason not to continue to exercise jurisdiction." *Cohill*, 484 U.S. at 351. In addition, although the court held an initial conference and issued one order in the case, the court has not had to expend considerable judicial resources resolving any issues in this case. Moreover, the interests of comity favor remand as only state-law claims remain and there is no federal interest in retaining jurisdiction. Furthermore, the court does not find that either party will be inconvenienced by remand insofar as the case already has a docket number in the Court of Common Pleas and, contrary to the defendant's assertion, there is no indication that remanding the case will cause a considerable delay in resolving the matter. Thus, the court finds that considerations of judicial economy, convenience, fairness, and comity all weigh in favor of remand. Accordingly, the

court declines to exercise supplemental jurisdiction and will remand this matter to the Court of Common Pleas of Lehigh County.

### III.   CONCLUSION

The court had subject-matter jurisdiction over this action at the time of removal and the plaintiff's amendment of the complaint to remove all of her federal-law claims is insufficient to defeat the subject-matter jurisdiction that existed at the time of removal.  Nonetheless, now that only the state-law PHRA claims remain, the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 because the court does not find that the plaintiff has attempted to manipulate the forum and considerations of judicial economy, convenience, fairness, and comity all weigh in favor of remand.  Therefore, the court will remand this case to the Court of Common Pleas of Lehigh County and will also deny the defendant's motion to dismiss as moot.

An appropriate order follows.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.